

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,071

**JOHN RAY FALK, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 27347
### IN THE 278TH JUDICIAL DISTRICT COURT
### WALKER COUNTY

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of

Falk's capital murder conviction and resulting sentence of death in the 278th Judicial

District Court of Walker County, Cause No. 27347, styled The State of Texas v. John Ray

Falk, Jr. On July 17, 2018, Jennae R. Swiergula and Jared Tyler of the Texas Defender

Service filed in this Court a "Motion to Appoint Counsel and Complete the Appellate

Record."

The record reflects that, following his trial, Falk initially informed the court that he

wanted to "request counsel for the appeal process." But in a hearing which took place a few weeks later on March 14, 2017, Falk stated, "I do want to waive my appellate rights, and I do not want counsel." The trial court determined that Falk's waiver of his right to counsel was knowing and voluntary and allowed Falk to proceed *pro se*. In yet another hearing before the trial court on November 14, 2017, Falk informed the trial court that he had retained attorney Timothy Gumkowski of the Texas Defender Service to represent him *pro bono*.[1] However, on June 27, 2018, Falk filed a document in this Court titled "Appellant's Notice of Intent to Expedite the Appeal."[2] Falk stated in that document that he wished "to abstain from representation of the Texas Defender Services or the Office of Capital and Forensic Writs, in the effort to expedite this process with as much swiftness as this Court might allow."[3] Falk explained that, "[h]aving surrendered to the State's over zealous charges and accepted the excessively abusive punishment, . . . [he] now seeks for this Court to expedite the cause number back to the District Court for the granting of an execution date."

---

[1] Falk's brief was initially due on January 22, 2018. Gumkowski sought and obtained an extension until April 23, 2018. When Gumkowski left the Texas Defender Service in February 2018, he withdrew from this case and Swiergula and Tyler were substituted in his place. Tyler sought and obtained an extension to July 23, 2018.

[2] It appears from this document that Falk wishes to again proceed *pro se* and waive his right to direct appeal. Although he may not waive his direct appeal in this case, he may under the proper circumstances waive counsel on appeal and proceed *pro se*.

[3] The record reflects that the trial court signed an order in February 2018 appointing the Office of Capital and Forensic Writs to represent Falk in state habeas proceedings.

In their motion before this Court, Swiergula and Tyler request us "to appoint them, without payment for fees or expenses, to prepare and file an Appellant's Brief in this direct appeal proceeding[.]"  They also contend that "the record on appeal is incomplete and this Court should order it completed before proceeding."

Because the trial court is in a better position to address these issues, we abate the appeal and remand this cause to the trial court.  The trial court shall make findings of fact regarding whether or not Falk currently wishes to proceed *pro se* on direct appeal.  The trial court shall also address the items that Swiergula and Tyler have identified as missing from the appellate record.[4]  The trial court shall make findings of fact regarding whether the items in question have been omitted from the record, and if so, whether they should be included.  If the trial court determines that certain items need not be included in the record, then the trial court shall state its reasons for making that determination.  If the trial court determines that any relevant items have been omitted from the clerk's record or reporter's record, then the trial court shall direct the clerk and/or court reporter to prepare, certify, and file in this Court a supplemental record containing the omitted items.  *See* TEX. R. APP. P. 34.5(c)(1) & 34.6(d).

---

[4]  We note that Swiergula and Tyler have requested that the juror questionnaires be included in the appellate record.  They must first present their request for the disclosure of this information to the trial court.  *See* TEX. CODE CRIM. PROC. Art. 35.29.  In addition, they have requested "[t]he record of proceedings under Cause No. 12-04731-CRF-272, pursuant to which Mr. Falk was first prosecuted for the same underlying offense and resulting in a mistrial."  The record of proceedings held under a different cause number is not a part of the appellate record in the instant case.

The findings shall be made by the trial court and any necessary supplements shall be filed in this Court within 30 days of the date of this order. Falk's brief will be due in this Court within 30 days thereafter. No further motions for extension will be entertained by this Court.

IT IS SO ORDERED THIS THE 25TH DAY OF JULY, 2018.

Do not publish